IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| SCOTT BISHINS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MARINUS PHARMACEUTICALS, INC., SCOTT BRAUNSTEIN, STEVEN PFANSTIEL, and JOSEPH HULIHAN,<br><br>Defendants. | Civil Action No. 2:24-cv-02430-JP<br><br>CLASS ACTION |

**REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Pursuant to the incorporation by reference doctrine and Federal Rule of Evidence 201, Marinus Pharmaceuticals, Inc. ("Marinus" or the "Company"), Scott Braunstein, Steven Pfanstiel, and Joseph Hulihan (collectively with Marinus, "Defendants") respectfully request that the Court consider the documents identified below in conjunction with Defendants' Motion to Dismiss Plaintiff's Amended Complaint (the "Motion to Dismiss").  The documents subject to this request are attached as Exhibits A through X to the concurrently filed Declaration of Craig TenBroeck.

### I.    DOCUMENTS SUBJECT TO THIS REQUEST[1]

| Ex | Description | ¶ |
|---|---|---|
| A | Marinus's Form 8-K, filed with the Securities and Exchange Commission ("SEC") on September 26, 2019. | – |
| B | Marinus's Form 8-K, filed with the SEC on May 4, 2020. | – |
| C | Marinus's Form 8-K, filed with the SEC on September 14, 2020. | – |
| D | Marinus's Form 10-K for the fiscal year ended December 31, 2022, filed with the SEC on March 9, 2023. | 36–37, 56–59, 61–62, 70 |
| E | Transcript of Marinus's presentation at the Jefferies Global Healthcare Conference on June 8, 2023, published by Bloomberg. | – |
| F | Marinus's Form 8-K, filed with the SEC on November 7, 2023. | 41, 86–87 |
| G | Marinus's Form 10-Q for the quarter ended September 30, 2023, filed with the SEC on November 7, 2023. | 21–25, 67, 71, 88–90 |
| H | Transcript of Marinus's Q3 2023 earnings call on November 7, 2023, published by S&P Global Market Intelligence. | 42–44, 68, 91–96 |
| I | Transcript of Marinus's presentation at the Evercore ISI HealthCONx Conference on November 28, 2023, published by FactSet CallStreet. | – |
| J | Marinus's Form 8-K, filed with the SEC on January 4, 2024. | 97–99 |
| K | Marinus's Form 8-K, filed with the SEC on March 5, 2024. | 100–03 |

---

[1] All references to "¶__" refer to Plaintiff's Amended Complaint. (ECF No. 12.)  All references to "Exhibit" refer to the exhibits attached to the accompanying Declaration of Craig TenBroeck.

| Ex | Description | ¶ |
|---|---|---|
| L | Marinus's Form 10-K for the fiscal year ended December 31, 2023, filed with the SEC on March 5, 2024. | 45, 69 |
| M | Transcript of Marinus's Q4 and Full Year 2023 earnings call on March 5, 2024, published by S&P Global Market Intelligence. | 104–11 |
| N | Analyst Report titled "4Q23: With Interim Cohort Enrollment Done, Nearly Time to Flip the Card On RSE; TSC Shortly Thereafter," published by RBC Capital Markets LLC on March 5, 2024. | – |
| O | Transcript of Marinus's presentation at the Leerink Partners Global Biopharma Conference on March 11, 2024, published by Bloomberg. | – |
| P | Analyst Report titled "MRNS – Takeaways from the Leerink Partners Global Biopharma Conference," published by Leerink Partners on March 11, 2024. | – |
| Q | Analyst Report titled "MRNS NDA Postview – RAISE Data Near Term to Drive Broadening Ganaxolone Growth Opportunities," published by Cantor Fitzgerald on March 25, 2024. | – |
| R | Form 4 Statement of Changes in Beneficial Ownership for Scott Braunstein, filed with the SEC on March 27, 2024. | – |
| S | Marinus's Form 8-K, filed with the SEC on April 15, 2024. | 3, 112 |
| T | Analyst Report titled "Likely Stock Weakness Following Phase III Topline Data in RSE Seizures," published by Jefferies on April 15, 2024. | – |
| U | Marinus's Form 8-K, filed with the SEC on May 8, 2024. | 3, 114–15 |
| V | Marinus's Form 8-K, filed with the SEC on June 17, 2024. | 118–21 |
| W | Transcript of Marinus's Q2 2024 earnings call on August 13, 2024, published by S&P Global Market Intelligence. | – |
| X | Marinus's Form 8-K, filed with the SEC on October 24, 2024. | – |

## II.    LEGAL STANDARDS

In resolving a Rule 12(b)(6) motion to dismiss in a securities class action, "courts must consider the complaint in its entirety," including (1) documents incorporated by reference, and (2) matters subject to judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). These two concepts are distinct. *See City of Edinburgh Council v. Pfizer, Inc.*, 754 F.3d 159, 163 n.3 (3d Cir. 2014).

**Incorporation by reference.**  Under the incorporation by reference doctrine, the Court may consider, on a motion to dismiss, any documents that are "integral to or explicitly relied upon in the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997); *see also Winer Family Tr. v. Queen*, 503 F.3d 319, 328–29 (3d Cir. 2007) (finding the district court "properly probed documents attached to defendants' motion to dismiss . . . because these documents were integral to and/or were explicitly relied upon by the amended complaint"). The purpose of this rule is to "prevent [a] situation in which a plaintiff is able to maintain a claim of fraud by extracting an isolated statement from a document and placing it in the complaint, even though if the statement were examined in the full context of the document, it would be clear that the statement was not fraudulent." *Burlington*, 114 F.3d at 1426.

**Judicial notice.**  Judicial notice permits a court to take notice of facts that are "not subject to reasonable dispute" because they are "generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  A court "must" take judicial notice if a party requests it and supplies the court with the necessary information.  *Sturgeon v. Pharmerica Corp.*, 438 F. Supp. 3d 246, 257 (E.D. Pa. 2020) (citing Fed. R. Evid. 201(c)(2)).

## III.    ARGUMENT

The Court should consider Exhibits A–X in resolving Defendants' Motion to Dismiss. Several of the exhibits are incorporated by reference into the Amended Complaint and can be considered on that basis.  Alternatively, all of the exhibits are judicially noticeable under Federal Rule of Evidence 201.

### A.  Exhibits D, F–H, J–M, S, and U–V are Incorporated by Reference.

The Court should consider Exhibits D, F–H, J–M, S, and U–V under the incorporation by

reference doctrine because each document is paraphrased or quoted in the Amended Complaint and forms the basis for Plaintiff's claims.

The Amended Complaint quotes from or paraphrases Exhibits F–H, J–K, and M in an attempt to show that Defendants made false or misleading statements. The Amended Complaint quotes from or paraphrases Exhibits D and L to show the context in which those statements occurred. The Amended Complaint quotes from or paraphrases Exhibits S and U–V in an attempt to show when certain information was disclosed to the market. Because all of these documents are "integral to [and] explicitly relied upon in the complaint," the Court should consider the documents themselves in resolving Defendants' Motion to Dismiss. *Marchi v. Hudson City Sav. Bank*, 2017 WL 628476, at *2 (D.N.J. Feb. 15, 2017); *see also In re Egalet Corp. Sec. Litig.*, 340 F. Supp. 3d 479, 497 (E.D. Pa. 2018) ("Plaintiffs cannot prevent a court from looking at the texts of the documents on which its claim is based by failing to attach or explicitly cite them."); *Franchi v. SmileDirectClub, Inc.*, 633 F. Supp. 3d 1046, 1080 (M.D. Tenn. 2022) (incorporating document by reference where document was "integral" to the complaint's loss causation allegations).

## B.  Exhibits A–X are Each Subject to Judicial Notice.

Exhibits A–X are also subject to judicial notice—an independent ground for the Court's consideration. In securities cases, courts can take judicial notice of SEC filings (Exhibits A–D, F, G, J–L, R, S, U, V, and X), earnings call and investor conference transcripts (Exhibits E, H, I, M, O, and W), and analyst reports (Exhibits N, P, Q, and T) to determine what information was in the public realm. *See Oran v. Stafford*, 226 F.3d 275, 289–90 (3d Cir. 2000) (SEC filings); *In re Intelligroup Sec. Litig.*, 527 F. Supp. 2d 262, 272–73 (D.N.J. 2007) (SEC filings); *In re Amarin Corp. PLC Sec. Litig.*, 2021 WL 1171669, at *8–9 (D.N.J. Mar. 29, 2021) (SEC filings);

*In re Hertz Glob. Holdings, Inc. Sec. Litig.*, 2017 WL 1536223, at \*2 n.1 (D.N.J. Apr. 27, 2017) (transcripts); *Sapir v. Averback*, 2016 WL 554581, at \*1 n.1 (D.N.J. Feb. 10, 2016) (earnings call transcripts); *In re Synchronoss Sec. Litig.*, 705 F. Supp. 2d 367, 391 (D.N.J. 2010) (analyst reports); *In re Merck Co., Inc., Sec., Derivative & "Erisa" Litig.*, 2006 WL 8460903, at \*5 (D.N.J. Jan. 20, 2006) (analyst reports).

## IV.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court consider **Exhibits D, F–H, J–M, S, and** U–V under the incorporation by reference doctrine and take judicial notice of **Exhibits A–X** to establish what information was in the public realm.

Dated: November 22, 2024

Respectfully Submitted,

**COOLEY L**LP
By: *s/ Koji Fukumura*
Koji F. Fukumura, (PA 73831)
Craig E. TenBroeck (Pro Hac Vice)
Ronan Nelson (Pro Hac Vice)
10265 Science Center Drive
San Diego, CA  92121-1117
Telephone: (858) 550 6000
Facsimile: (858) 550-6420
kfukumura@cooley.com
ctenbroeck@cooley.com
rnelson@cooley.com

COOLEY LLP
Caitlin B. Munley (PA318757)
1299 Pennsylvania Ave., NW, Suite 700
Washington, DC 20005
Telephone: (202) 842-7800
Facsimile: (202) 842-7899
cmunley@cooley.com

COOLEY LLP
Elizabeth M. Wright (Pro Hac Vice)
500 Boylston Street
Boston, MA 02116-3736
Telephone: (617) 937-2300
Facsimile: (617) 937-2400
ewright@cooley.com

Attorneys for Defendants Marinus
Pharmaceuticals, Inc., Scott Braunstein, Steven
Pfanstiel, and Joseph Hulihan

## CERTIFICATE OF SERVICE

I certify that on November 22, 2024, I filed this document on the Court's docket using the Court's CM/ECF system. Based on the Court's records, all counsel of record were served with a copy of the foregoing document by electronic means.

*s/ Koji Fukumura*
COOLEY LLP
Koji Fukumura (PA73831)
10265 Science Center Drive
San Diego, CA 92121-1117
Telephone: (858) 550 6000
Facsimile: (858) 55026420
kfukumura@cooley.com