IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SCOTT BISHINS, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MARINUS PHARMACEUTICALS, INC., SCOTT BRAUNSTEIN, STEVEN PFANSTIEL, and JOSEPH HULIHAN,<br><br>　　　　　Defendants. | Civil Action No. 2:24-cv-02430-JP<br><br>CLASS ACTION |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR REQUEST
<u>FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE</u>**

Defendants submit this reply in support of their Request for Judicial Notice, ECF No. 21 ("RJN"), and in response to Plaintiff's Opposition to Defendants' Request for Judicial Notice, ECF No. 26 ("RJN Opp.").

## **INTRODUCTION**

The Amended Complaint relies on numerous public documents, including Marinus's public filings with the SEC, press releases, and transcripts of investor calls.  The Amended Complaint also makes broad claims about information that Marinus supposedly did *not* disclose to the market.  Plaintiff now suggests that it is somehow improper for the Court to review the very documents on which the Amended Complaint relies or look at documents reflecting what the Company actually said to the market.  It is not.

"The Third Circuit permits a district court to judicially notice SEC filings and public disclosures."  *In re Amarin Corp. plc Sec. Litig.*, 2021 WL 1171669, at *8 (D.N.J. Mar. 29, 2021); *see also In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1331 (3d Cir. 2002) (accepting district court's taking judicial notice of "documents filed with the SEC, but not relied upon in the Complaint"); *Turnofsky v. electroCore, Inc.*, 2021 WL 3579057, at *3 (D.N.J. Aug. 13, 2021) (taking judicial notice of news articles "to indicate what was in the public realm at the time [they were published], not whether the contents of those articles were in fact true") (alteration in original) (quoting *Benak v. All. Cap. Mgmt. L.P.*, 435 F.3d 396, 401 n.15 (3d Cir. 2006)); *In re Merck Co., Sec., Derivative & "Erisa" Litig.*, 2006 WL 8460903, at *3–5 (D.N.J. Jan. 20, 2006) (taking judicial notice of "SEC Forms 4 and 5 . . . newspaper articles . . . and analyst reports").

Courts may also consider documents "integral to or explicitly relied upon in the complaint" on motion to dismiss.  *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).  "What the rule seeks to prevent is the situation in which a plaintiff is able to

maintain a claim of fraud by extracting an isolated statement from a document and placing it in the complaint, even though if the statement were examined in the full context of the document, it would be clear that the statement was not fraudulent." *Id.* This safeguard is especially crucial in securities fraud cases, where an alleged misstatement must be read "in light of all its surrounding text, including hedges, disclaimers, and apparently conflicting information." *Omnicare v. Laborers Dist. Council Constr. Indus. Pension Fund*, 575 U.S. 175, 190 (2015).

## ARGUMENT

Plaintiff concedes that "this Court may certainly review documents the Complaint incorporates and of which it can take judicial notice" but argues that Defendants present "no rationale" for presenting the specific exhibits attached to its Motion to Dismiss and cited in the brief in support, ECF 20-1 ("MTD"). RJN Opp. at 1–2. That is not accurate. The rationale is apparent from the face of the MTD.

To be clear:

**Exhibits H and M** are earnings call transcripts. Plaintiff does not dispute the authenticity of these transcripts. The Amended Complaint quotes heavily from these conversations and alleges that they contained misleading statements, but the Amended Complaint omits important context, including that each earnings call began with the moderator delivering a safe harbor statement, which warned that the call may include forward-looking statements, and referred investors to risk warnings published in SEC filings (*e.g.*, **Exhibits D and L**). *See* MTD at 17, 19. Defendants do not ask the Court to accept the truth of any disclosure in these exhibits; they merely ask it to accept that such information was disclosed. The Court may take judicial notice of earnings call transcripts for this purpose. *See Cal. Pub. Emps.' Ret. Sys. v. Chubb Corp.*, 2002 WL 33934282, at *12–13 (D.N.J. June 26, 2002) ("Third

Circuit precedent, clearly contemplates this Court examining the statements at issue in their entirety, including cautionary language which qualifies a statement for the statutory Safe Harbor provisions."); *Sapir v. Averback*, 2016 WL 554581, at \*10 (D.N.J. Feb. 10, 2016).  The Court may also take judicial notice of the documents filed with the SEC.  *See City of Edinburgh Council v. Pfizer, Inc.*, 754 F.3d 159, 163 n.3 (3d Cir. 2014); *In re NAHC, Inc. Sec. Litig.*, 306 F.3d at 1331; *Oran v. Stafford*, 226 F.3d 275, 289 (3d Cir. 2000).

**Exhibits D, F, G, J, K, and L** are Forms 8-K, 10-K and 10-Q, filed with the SEC. Plaintiff does not dispute the authenticity of these documents.  The Amended Complaint quotes heavily from these documents and alleges that they contained misleading statements, but the Amended Complaint omits important context, including the Company's robust risk warnings and references thereto.  *See* MTD at 6, 17, 19.  Defendants do not ask the Court to accept the truth of any disclosure in these exhibits; they merely ask it to accept that such information was disclosed. The Court may consider documents that are incorporated into the Amended Complaint for this purpose.  *In re Burlington*, 114 F.3d at 1426.  The Court may also take judicial notice of the documents because they were filed with SEC.  *See Oran*, 226 F.3d at 289.

**Exhibits E, I, and O** are transcripts from public investor conferences.  The fact that Marinus made certain statements during public conferences directly refutes Plaintiff's assertions that Marinus failed to disclose that information to investors.  *See* MTD at 6–7.  Defendants do not ask the Court to accept the truth of any disclosure in these exhibits; they merely ask it to accept that such information was disclosed.  Courts may take judicial notice of transcripts for this purpose.  *See Howard v. Arconic Inc.*, 395 F. Supp. 3d 516, 529 n.1 (W.D. Pa. 2019) (considering transcript for the undisputed fact that "the matters reported were actually stated during the call"); *Sapir*, 2016 WL 554581, at \*10 (same); *Chubb Corp.*, 2002 WL 33934282, at

*13 (same).[1]  Plaintiff does not dispute the authenticity of these documents; he argues that the statements at these conferences were *themselves* misleading.  RJN Opp. at 4.  That is wholly irrelevant to the question of judicial notice.  Such arguments should be disregarded as "[t]he inclusion of such argument in a brief purporting to address only whether the Court should take judicial notice of certain documents is improper."  *In re Violin Memory Sec. Litig.*, 2014 WL 5525946, at *17 n.8 (N.D. Cal. Oct. 31, 2014).

**Exhibits N, P, Q, and T** are analyst reports, which refute Plaintiff's assertions that Marinus did not disclose information to the market.  *See* MTD at 7, 24.  Defendants do not ask the Court to accept the truth of any disclosure in these exhibits; they merely ask it to accept that such information was disclosed.  Courts may take judicial notice of such reports to assess what was in the public realm at the time.  *See In re Synchronoss Sec. Litig.*, 705 F. Supp. 2d 367, 391 (D.N.J. 2010) (the fact that analyst reports were published can be noticed); *In re Merck*, 2006 WL 8460903, at *3–5 (taking judicial notice of analyst reports); *Ark. Pub. Emps.' Ret. Sys. v. Bristol-Myers Squibb Co.*, 28 F.4th 343, 352 (2d Cir. 2022) (same).  Plaintiff does not dispute the authenticity of these analyst reports; he simply questions their probative value, and says it is "telling that Defendants did not cite an analyst report . . . prior to April 14, 2024."  RJN Opp. at 5.  This argument is both incorrect (Exhibits N, P, and Q were *all* prior to April 14, 2024) and irrelevant for purposes of judicial notice.

**Exhibit R** is a Form 4, filed with the SEC, which shows that Dr. Braunstein reported a significant stock acquisition near the end of the Class Period (and refutes any inference of scienter).  *See* MTD at 20.  Courts may take judicial notice of Forms 4 for this purpose.  *See, e.g.*, *Dang v. Amarin Corp. plc*, 2024 WL 4285900, at *28 (D.N.J. Sept. 25, 2024) ("Courts

---

[1] *See also Strezsak v. Ardelyx, Inc.*, 2024 WL 1160900, at *4 (N.D. Cal. Mar. 18, 2024) (taking judicial notice of Leerink and Jefferies conference transcripts).

routinely consider publicly-filed Form 4s."); *Merck*, 2006 WL 8460903, at *4 ("It is . . . without dispute that SEC Forms 4 and 5 are in fact SEC filings" subject to judicial notice); *see also In re NAHC*, 306 F.3d at 1331 (affirming notice of "documents filed with the SEC, but not relied upon in the Complaint"). Plaintiff does not dispute the authenticity of this document; he argues (incorrectly) that it should not refute an inference of scienter because Dr. Braunstein did not "purchase" stock but rather exercised options. RJN Opp. 4–5. That is, again, wholly irrelevant to the question of judicial notice. The document speaks for itself.[2]

**Exhibits S, U, and V** are Forms 8-K, filed with the SEC. Plaintiff relies on these documents to support his allegations of loss causation. *See* ¶¶ 112, 114–15, 118; MTD at 7–8. Because these documents form the basis of the complaint, they are subject to incorporation by reference. *Evanston Police Pension Fund v. McKesson Corp.*, 411 F. Supp. 3d 580, 592–93 (N.D. Cal. 2019). The Court may also take judicial notice of the documents as they were filed with the SEC. *See Oran*, 226 F.3d at 289.

**Exhibits A, B, C, W, and X** are Forms 8-K, filed with the SEC. Plaintiff does not dispute the authenticity of these documents. Defendants submit these documents to provide important context omitted from the Amended Complaint but available to investors. *See* MTD at 4, 8–9, 19. Defendants do not ask the Court to accept the truth of any disclosure in these exhibits; they merely ask it to accept that such information was disclosed. The Court may take judicial notice of the documents as they were filed with the SEC. *See Oran*, 226 F.3d at 289.

---

[2] As explained in Defendants' Reply in Support of their Motion to Dismiss (Section I.1), the distinction that Plaintiff draws makes no difference for the purposes of Defendants' scienter argument.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court consider **Exhibits A–X** under the incorporation by reference and/or judicial notice doctrines for the purposes cited in Defendants' Motion to Dismiss.

Dated: February 7, 2025                                   Respectfully Submitted,

**COOLEY LLP**
By: *s/ Koji Fukumura*
Koji F. Fukumura, (PA 73831)
Craig E. TenBroeck (*Pro Hac Vice*)
Ronan A. Nelson (*Pro Hac Vice*)
10265 Science Center Drive
San Diego, CA  92121-1117
Telephone: (858) 550 6000
Facsimile: (858) 550-6420
kfukumura@cooley.com
ctenbroeck@cooley.com
rnelson@cooley.com

**COOLEY LLP**
Caitlin B. Munley (PA318757)
1299 Pennsylvania Ave., NW, Suite 700
Washington, DC 20005
Telephone: (202) 842-7800
Facsimile: (202) 842-7899
cmunley@cooley.com

**COOLEY LLP**
Elizabeth M. Wright *(Pro Hac Vice)*
500 Boylston Street
Boston, MA 02116-3736
Telephone: (617) 937-2300
Facsimile: (617) 937-2400
ewright@cooley.com

*Attorneys for Defendants Marinus Pharmaceuticals, Inc., Scott Braunstein, Steven Pfanstiel, and Joseph Hulihan*

## CERTIFICATE OF SERVICE

I certify that on February 7, 2025, the foregoing document was filed on the Court's docket using the Court's CM/ECF system.  Based on the Court's records, all counsel of record were served with a copy of the document by electronic means.

*s/ Koji Fukumura*
**COOLEY LLP**
Koji Fukumura (PA73831)
10265 Science Center Drive
San Diego, CA 92121-1117
Telephone: (858) 550 6000
Facsimile: (858) 55026420
kfukumura@cooley.com