

**The Rosen Law Firm**

I N V E S T O R   C O U N S E L

Jacob A. Goldberg, Esq.
jgoldberg@rosenlegal.com

September 26, 2025

**VIA ECF**

Honorable John R. Padova.
United States District Judge
United States District Court
    for the Eastern District of Pennsylvania
17613 U.S. Courthouse
601 Market Street
Philadelphia PA  19106

       **Re:**    ***Bishins v. Marinus Pharma., Inc. et al.*,**
             **<u>Case No. 2:24-cv-02430-JP</u>**

Dear Judge Padova:

    We write on behalf of Lead Plaintiff in this securities class action. The Court has scheduled for September 30, 2025, oral argument on Defendants' Motion to Dismiss (Dkt. Nos. 20, *et seq*.) and their Request for Judicial Notice, (Dkt. Nos. 21, *et seq*.) (together "Motion").

    On August 20, 2025, the United States Court of Appeals for the Third Circuit, issued its opinion in *In re: Maiden Holdings, Ltd. Sec. Litig*., No. 24-1119, 2025 WL 2406864 (3d Cir. Aug. 20, 2025), reversing summary judgment in a securities class action. We attach a copy of the *Maiden* opinion hereto.

    In his Memorandum in opposition to the Motion, Dkt. 25, at 9-11, Plaintiff argued that Defendants' statements of opinion are actionable. In their Reply Memorandum, Defendants confronted Plaintiff's argument, asserting that Plaintiff's analogizing the circumstances of this case to the hypothetical Justic Kagan described in *Omnicare, Inc. v. Laborers Dist. Council Constr. Indus Pension Fund*, 575 U.S. 175 (2015), "is not the law." Dkt. 28, at 12-14.

    In *Maiden*, the Third Circuit had reason to reference Justice Kagan's hypothetical, supporting Plaintiff's analogy here, writing:

> Maiden's mere consideration of historical loss ratios does not entitle it to judgment
> as a matter of law because Boilermaker relies on a knowledge theory, not an inquiry
> theory, in asserting its claim that Maiden's statements were misleading by omission.
> To understand why, consider once more the hypothetical opinion statement, "[w]e

1

believe our conduct is lawful." *Omnicare*, 575 U.S. at 188, 135 S.Ct. 1318. If a plaintiff claimed that this statement was misleading because the speaker did not disclose that his legal counsel told him that the conduct was illegal, it would be no defense for the speaker to respond, "well, I considered the advice." Rather, if the speaker knew of the advice, whether his statement is misleading depends on how significant that known contrary advice was. The answer to that question will "always depend[ ] on context." *Omnicare*, 575 U.S. at 190, 135 S.Ct. 1318. On the one hand, if the speaker's full team of in-house attorneys told him the conduct was illegal, but the speaker did not reveal that, investors would have "cause to complain." *Id*. at 188, 135 S.Ct. 1318. In contrast, if a "single junior attorney expressed doubts ... when six of his more senior colleagues gave a stamp of approval," the failure to disclose the junior attorney's comments "would not make the statement of opinion misleading." *Id*. at 190, 135 S.Ct. 1318.

We look forward to discussing *Maiden* at the September 30, 2025, oral argument.

Respectfully,

/s/ *Jacob A. Goldberg*

Jacob A. Goldberg

cc:    All counsel of record (via ECF)

2