IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SCOTT BISHINS, individually and on behalf of all others similarly situated | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| MARINUS PHARMACEUTICALS, INC., ET AL. | : | NO. 24-2430 |

## <u>ORDER</u>

**AND NOW**, this 11th day of March, 2026, upon consideration of Defendants' Request For Judicial Notice (Docket No. 21), Plaintiff's response thereto, and the Hearing held on September 30, 2025, **IT IS HEREBY ORDERED** that the Request is **GRANTED IN PART AND DENIED IN PART**[1] as follows:

1.    The Request is **GRANTED** as to the following documents filed by Marinus with the Securities and Exchange Commission ("SEC"):[2]

    a.    Marinus's Form 8-K, which was filed with the Securities and Exchange Commission ("SEC") on September 26, 2019 (Ex. A to Defendants' Motion to Dismiss);

    b.    Marinus's Form 8-K, which was filed with the SEC on May 4, 2020 (Ex. B to Defendants' Motion to Dismiss);

---

[1] Defendants have asked us to take judicial notice of 24 documents and consider those documents in connection with their Motion to Dismiss the Amended Complaint in this action. "Rule 201(b), Federal Rules of Evidence permits a district court to take judicial notice of facts that are 'not subject to reasonable dispute in that [they are] either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'" In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1331 (3d Cir. 2002) (alteration in original) (quoting Fed. R. Evid. 201(b)). "Under Rule 201(d), Federal Rules of Evidence, a district court must take judicial notice "'if requested by a party and supplied with the necessary information.'" Id. (quoting Fed. R. Evid. 201(d)).

[2] We may take judicial notice of documents filed with the SEC. See Oran v. Stafford, 226 F.3d 275, 289 (3d Cir. 2000)). However, we cannot consider these documents for the truth of the matters asserted therein. See id. (quoting Kramer v. Time Warner, Inc., 937 F.2d 767, 774 (2d Cir. 1991)).

c.   Marinus's Form 8-K, which was filed with the SEC on September 14, 2020 (Ex. C to Defendants' Motion to Dismiss);

d.   Marinus's Form 10-K for the fiscal year ended December 31, 2022, which was filed with the SEC on March 9, 2023 (Ex. D to Defendants' Motion to Dismiss);

e.   Marinus's Form 8-K, which was filed with the SEC on November 7, 2023 (Ex. F to Defendant's Motion to Dismiss);

f.   Marinus's Form 10-Q for the quarter ended September 30, 2023, which was filed with the SEC on November 7, 2023 (Ex. G to Defendant's Motion to Dismiss);

g.   Marinus's Form 8-K, which was filed with the SEC on January 4, 2024 (Ex. J to Defendant's Motion to Dismiss);

h.   Marinus's Form 8-K, which was filed with the SEC on March 5, 2024 (Ex. K to Defendants' Motion to Dismiss);

i.   Marinus's Form 10-K for the fiscal year ended December 31, 2023, which was filed with the SEC on March 5, 2024 (Ex. L to Defendants' Motion to Dismiss);

j.   Marinus's Form 4 Statement of Changes in Beneficial Ownership for Scott Braunstein, which was filed with the SEC on March 27, 2024 (Ex. R. to Defendants' Motion to Dismiss);

k.   Marinus's Form 8-K, which filed with the SEC on April 15, 2024 (Ex. S to Defendants' Motion to Dismiss);

l.   Marinus's Form 8-K, which filed with the SEC on May 8, 2024 (Ex. U to Defendants' Motion to Dismiss);

m.   Marinus's Form 8-K, which was filed with the SEC on June 17, 2024 (Ex. V to Defendants' Motion to Dismiss);

n.   Marinus's Form 8-K, which was filed with the SEC on October 24, 2024 (Ex. X to Defendants' Motion to Dismiss).

2.   The Request is **GRANTED** as to the following analyst reports:[3]

---

[3] We may take judicial notice of analyst reports only for the limited purpose of noting that they were published.  See In re Synchronoss Sec. Litig., 705 F. Supp. 2d 367, 391 (D.N.J. 2010)

      a.      RBC Capital Markets LLC Analyst Report dated March 5, 2024 (Ex. N to Defendants' Motion to Dismiss);

      b.      Leerink Partners Analyst Report dated March 11, 2024 (Ex. P to Defendants' Motion to Dismiss);

      c.      Cantor Fitzgerald Analyst Report dated March 25, 2024 (Ex. Q to Defendants' Motion to Dismiss).

      d.      Jefferies Analyst Report dated April 15, 2024 (Ex. T to Defendants' Motion to Dismiss).

3.      The Request is **DENIED** as to the following conference transcripts:[4]

      a.      Transcript of Marinus's presentation at the Jefferies Global Healthcare Conference on June 8, 2023 (Ex. E to Defendants' Motion to Dismiss);

      b.      Transcript of Marinus's presentation at the Evercore ISI HealthCONx Conference on November 28, 2023 (Ex. I to Defendants' Motion to Dismiss);

      c.      Transcript of Marinus's presentation at the Leerink Partners Global Biopharma Conference on March 11, 2024 (Ex. O to Defendants' Motion to Dismiss.

---

(stating that "the opinions of analysts or reporters cannot be noticed for the truth of the matter stated therein: only the fact that these opinions were published can be noticed").

[4] Defendants ask us to take judicial notice of transcripts of three conferences. (See Defs. Exs. E, I, and O.) However, the authority upon which Defendants rely for the proposition that we can take judicial notice of transcripts, i.e., In re: Hertz Global Holdings, Inc. Sec. Litig., Civ. A. No. 13-7050, 2017 WL 1536223, at *2 n.1 (D.N.J. Apr. 17, 2017), relies on Winer Family Trust v. Queen, 503 F.3d 319, 327 (3d Cir. 2007), which does not discuss whether courts may take judicial notice of transcripts. Moreover, all three transcripts contain disclaimers as to their accuracy. (Defs. Exs. E at 8-9, I at 9, O at 12.) Accordingly, we decline to take judicial notice of these transcripts because Defendants have not provided the Court with any authority by which we could determine that these transcripts are "'sources whose accuracy cannot reasonably be questioned.'" In re NAHC, Inc. Sec. Litig., 306 F.3d at 1331 (quoting Fed. R. Evid. 201(b)). We also note that none of these transcripts, or the statements reflected therein, is relied upon in the Amended Complaint.

3.      The Request is **DENIED** as to the following conference call transcripts:[5]

    a.    Transcript of Marinus's Q3 2023 November 7, 2023, earnings call (Ex. H to Defendants' Motion to Dismiss);

    b.    Transcript of Marinus's March 5, 2024, Q4 and Full Year 2023 earnings call (Ex. M to Defendants' Motion to Dismiss);

    c.    Transcript of Marinus's August 13, 2024 Q2 2024 earnings call (Ex. W to Defendants' Motion to Dismiss);

BY THE COURT:

/s/ John R. Padova

_____

John R. Padova, J.

---

[5] Defendants ask us to take judicial notice of the transcripts of three earnings call transcripts. (See Defs. Exs. H, M, and W.) However, the authority upon which Defendants rely for the proposition that we can take judicial notice of earnings call transcripts, i.e., <u>Sapir v. Averback</u>, Civ. A. No. 14-7331, 2016 WL 554581, at *1 n.1 (D.N.J. Feb. 10, 2016), relies on <u>Winer Family Trust</u>, 503 F.3d at 327, and <u>Tellabs, Inc. v. Makor Issues & Rights, Ltd.</u>, 551 U.S. 308, 322 (2007), which do not discuss whether a court may take judicial notice of earnings call transcripts. Accordingly, we decline to take judicial notice of these earnings call transcripts because Defendants have not provided the Court with any authority by which we could determine that these transcripts are "'sources whose accuracy cannot reasonably be questioned.'" <u>In re NAHC, Inc.</u>, 306 F.3d at 1331 (quoting Fed. R. Evid. 201(b)). However, the Amended Complaint relies on the transcripts of two of these calls, Defendants' Exhibits H and M, so we have considered those transcripts in our determination of the Motion to Dismiss. <u>See Alpizar-Fallas v. Favero</u>, 908 F.3d 910, 914 (3d Cir. 2018) (quoting <u>Mayer v. Belichick</u>, 605 F.3d 223, 230 (3d Cir. 2010)).