IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SCOTT BISHINS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MARINUS PHARMACEUTICALS, INC., SCOTT BRAUNSTEIN, STEVEN PFANSTIEL, and JOSEPH HULIHAN,<br><br>Defendants. | Civil Action No. 2:24-cv-02430-JP |

**DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED CLASS ACTION**
**<u>COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS</u>**

Defendants Marinus Pharmaceuticals, Inc., Scott Braunstein, Steven Pfanstiel, and Joseph Hulihan (collectively, "Defendants"), by and through undersigned counsel, hereby answer the Amended Class Action Complaint for Violations of the Federal Securities Laws (the "Amended Complaint") [ECF No. 12], filed by Lead Plaintiff Scott Bishins ("Plaintiff"). As to any allegation not specifically admitted, Defendants deny the allegation.

**ANSWER**

1.     Paragraph 1 is a characterization of the Amended Complaint to which no response is required. To the extent a response is required, Defendants lack sufficient knowledge and information to form a belief regarding the truth of the allegations in paragraph 1, and, on that basis, deny them.

## I.     NATURE OF THE ACTION[1]

2.     Paragraph 2 is a characterization of the Amended Complaint to which no response is required. To the extent a response is required, Defendants admit that Plaintiff purports to have filed a putative securities class action and that the Amended Complaint purports to assert claims for violations of the Securities Exchange Act of 1934 (the "Exchange Act"). Except as expressly admitted, Defendants deny the allegations in paragraph 2.

3.     Defendants admit that Marinus issued press releases on or about April 15, 2024, and May 8, 2024. To the extent paragraph 3 characterizes the content of those press releases, Defendants state that the documents speak for themselves, refer the Court to the press releases for their content, and deny the allegations in paragraph 3 to the extent they are inconsistent with the content of those press releases. As to the last sentence, Defendants state that certain historical

---

[1] Defendants include certain of the headings from the Amended Complaint for ease of reference only and do not construe them as actionable allegations. To the extent that any heading is construed as an allegation requiring a response, Defendants deny it.

information regarding the Company's common stock during the putative Class Period is publicly available and deny any allegations in paragraph 3 of the Amended Complaint that are inconsistent with such historical information.  Except as expressly admitted, Defendants deny the allegations in paragraph 3.

4.      Defendants deny the allegations in paragraph 4.

5.      Defendants deny the allegations in paragraph 5.

## II.      JURISDICTION AND VENUE

6.      Defendants admit that Plaintiff purports to assert claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. § 240.10b-5).  Except as expressly admitted, Defendants deny the allegations in paragraph 6.

7.      The allegations in paragraph 7 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 7.

8.      The allegations in paragraph 8 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 8.

9.      The allegations in paragraph 9 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 9.

## III.      PARTIES

10.      Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations in the first sentence of paragraph 10, and, on that basis, deny them.  Defendants admit the allegations in the second sentence of paragraph 10.

11.      Defendants admit that Marinus was a Delaware corporation and that its principal executive offices during the putative Class Period were located at 5 Radnor Corporate Center, Suite 500, 100 Matsonford Road, Radnor, PA 19087.  Defendants further admit that Marinus's

common stock traded on the NASDAQ exchange under the ticker symbol "MRNS" during the putative Class Period. Defendants admit that Marinus has referred to itself as "a pharmaceutical company focused on the development and commercialization of products for patients suffering from rare genetic epilepsies and other seizure disorders." Except as expressly admitted, Defendants deny the allegations in paragraph 11.

12. Defendants admit that Scott Braunstein, M.D., served as Marinus's President, CEO, and Director during the putative Class Period. Except as expressly admitted, Defendants deny the allegations in paragraph 12.

13. Defendants admit that Steven Pfanstiel served as Marinus's CFO and Treasurer during the putative Class Period. Except as expressly admitted, Defendants deny the allegations in paragraph 13.

14. Defendants admit that Joseph Hulihan, M.D., served as Marinus's CMO during the putative Class Period. Except as expressly admitted, Defendants deny the allegations in paragraph 14.

15. Paragraph 15 is a characterization of the Amended Complaint to which no response is required. To the extent a response is required, Defendants admit that Plaintiff refers to Defendants Braunstein, Pfanstiel, and Hulihan as the "Individual Defendants" and refers to the Individual Defendants with Marinus, collectively, as the "Defendants." Except as expressly admitted, Defendants deny the allegations in paragraph 15.

16. The allegations in paragraph 16 are legal conclusions to which no response is required. To the extent a response is required, Defendants admit that the Individual Defendants participated in the management of the Company during their time as officers of the Company. Defendants further state that the Individual Defendants (a) had, from time to time, access to non-

public information about the Company; and (b) received copies of various documents filed with the SEC, press releases, and presentations, prior to or shortly after their issuance.  Except as expressly admitted, Defendants deny the allegations in paragraph 16.

17.     Defendants admit that the Company filed periodic reports with the SEC during the putative Class Period that contained Sarbanes-Oxley certifications.  To the extent paragraph 17 characterizes the content of those certifications, Defendants state that the reports speak for themselves, refer the Court to the reports for their content, and deny the allegations in paragraph 17 to the extent they are inconsistent with the content of those reports.  Except as expressly admitted, Defendants deny the allegations in paragraph 17.

18.     Defendants admit that the Company filed periodic reports with the SEC during the putative Class Period that contained Sarbanes-Oxley certifications.  To the extent paragraph 18 characterizes the content of those certifications, Defendants state that the reports speak for themselves, refer the Court to the reports for their content, and deny the allegations in paragraph 18 to the extent they are inconsistent with the content of those reports.  Except as expressly admitted, Defendants deny the allegations in paragraph 18.

19.     The allegations in paragraph 19 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 19.

20.     The allegations in paragraph 20 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 20.

## IV.     SUBSTANTIVE ALLEGATIONS

### A.     Background

#### 1.     The Company

21.     Defendants admit Marinus filed with the SEC a Form 10-K for the year ended December 31, 2020, and a Form 10-Q for the period ended September 30, 2023.  To the extent

paragraph 21 characterizes the content of those reports, Defendants state that the reports speak for themselves, refer the Court to the reports for their content, and deny the allegations in paragraph 21 to the extent they are inconsistent with the content of those filings.  Except as expressly admitted, Defendants deny the allegations in paragraph 21.

22.    Defendants admit Marinus has used the language quoted in paragraph 22 to describe Ganaxolone, without bracketed alterations.  Except as expressly admitted, Defendants deny the allegations in paragraph 22.

23.    Defendants admit that Marinus has used the language quoted in paragraph 23. Except as expressly admitted, Defendants deny the allegations in paragraph 23.

24.    Defendants admit that Marinus has used the language quoted in paragraph 24, without bracketed alterations.  Except as expressly admitted, Defendants deny the allegations in paragraph 24.

25.    Defendants admit that Marinus has used the language quoted in paragraph 25, without bracketed alterations and the added ellipsis.  Except as expressly admitted, Defendants deny the allegations in paragraph 25.

### 2.    A Brief Description of Blinded Clinical Trials

26.    Defendants admit Marinus filed a Form 10-K for the year ended December 31, 2021.  To the extent paragraph 26 characterizes the content of that report, Defendants state that the document speaks for itself, refer the Court to the report for its content, and deny the allegations in paragraph 26 to the extent they are inconsistent with the content of that report.  Except as expressly admitted, Defendants deny the allegations in paragraph 26.

27.    Defendants admit Marinus filed a Form 10-K for the year ended December 31, 2021.  To the extent paragraph 27 characterizes the content of that report, Defendants state that the document speaks for itself, refer the Court to the report for its content, and deny the allegations in

paragraph 27 to the extent they are inconsistent with the content of that report.  Except as expressly admitted, Defendants deny the allegations in paragraph 27.

28.    Defendants admit Marinus filed a Form 10-K for the year ended December 31, 2021.  To the extent paragraph 28 characterizes the content of that report, Defendants state that the document speaks for itself, refer the Court to the report for its content, and deny the allegations in paragraph 28 to the extent they are inconsistent with the content of that report.  Except as expressly admitted, Defendants deny the allegations in paragraph 28.

29.    Defendants admit Marinus filed a Form 10-K for the year ended December 31, 2021.  To the extent paragraph 29 characterizes the content of that report, Defendants state that the document speaks for itself, refer the Court to the report for its content, and deny the allegations in paragraph 29 to the extent they are inconsistent with the content of that report.  Except as expressly admitted, Defendants deny the allegations in paragraph 29.

30.    Defendants admit Marinus filed a Form 10-K for the year ended December 31, 2021.  To the extent paragraph 30 characterizes the content of that report, Defendants state that the document speaks for itself, refer the Court to the report for its content, and deny the allegations in paragraph 30 to the extent they are inconsistent with the content of that report.  Except as expressly admitted, Defendants deny the allegations in paragraph 30.

31.    Defendants admit Marinus filed a Form 10-K for the year ended December 31, 2021.  To the extent paragraph 31 characterizes the content of that report, Defendants state that the document speaks for itself, refer the Court to the report for its content, and deny the allegations in paragraph 31 to the extent they are inconsistent with the content of that report.  Except as expressly admitted, Defendants deny the allegations in paragraph 31.

32.     Defendants admit Marinus filed a Form 10-K for the year ended December 31, 2021.  To the extent paragraph 32 characterizes the content of that report, Defendants state that the document speaks for itself, refer the Court to the report for its content, and deny the allegations in paragraph 32 to the extent they are inconsistent with the content of that report.  Except as expressly admitted, Defendants deny the allegations in paragraph 32.

33.     To the extent paragraph 33 characterizes the content of (or purports to interpret) an FDA guidance document, Defendants state that the FDA guidance speaks for itself, refer the Court to the document for its content, and deny the allegations in paragraph 33 to the extent they are inconsistent with the content of that document.  To the extent a further response is required, Defendants deny the allegations in paragraph 33.

34.     Defendants admit that the RAISE trial was a double-blind study.  Defendants further admit that Marinus utilized a data monitoring committee in connection with the RAISE trial.  Except as expressly admitted, Defendants deny the allegations in paragraph 34.

**3.      The RAISE Phase 3 Clinical Trial for IV Ganaxolone for RSE**

35.     Defendants admit Marinus filed a Form 10-K for the year ended December 31, 2020.  To the extent paragraph 35 characterizes the content of that report, Defendants state that the document speaks for itself, refer the Court to the report for its content, and deny the allegations in paragraph 35 to the extent they are inconsistent with the content of that report.  Except as expressly admitted, Defendants deny the allegations in paragraph 35.

36.     Defendants admit Marinus filed a Form 10-K for the year ended December 31, 2022.  To the extent paragraph 36 characterizes the content of that report, Defendants state that the document speaks for itself, refer the Court to the report for its content, and deny the allegations in paragraph 36 to the extent they are inconsistent with the content of that report.  Except as expressly admitted, Defendants deny the allegations in paragraph 36.

37.     Defendants admit Marinus filed a Form 10-K for the year ended December 31, 2022.  To the extent paragraph 37 characterizes the content of that report, Defendants state that the document speaks for itself, refer the Court to the report for its content, and deny the allegations in paragraph 37 to the extent they are inconsistent with the content of that report.  Except as expressly admitted, Defendants deny the allegations in paragraph 37.

38.     Defendants admit Marinus held an earnings call on or about August 10, 2023.  To the extent paragraph 38 characterizes the content of that earnings call, Defendants state that the earnings call's transcript speaks for itself, refer the Court to the earnings call transcript for its content, and deny the allegations in paragraph 38 to the extent they are inconsistent with the content of that earnings call transcript.  Except as expressly admitted, Defendants deny the allegations in paragraph 38.

39.     Defendants admit that certain facilities participating in the RAISE trial experienced COVID-related difficulties, which resulted in site initiation and enrollment delays for the RAISE trial.  Defendants admit that on or around February 2022, Marinus temporarily paused the RAISE trial after routine monitoring of stability batches of clinical supply material indicated that it became necessary to reduce the shelf life to less than the anticipated 24-months to meet product stability testing specifications.  Defendants admit that on or around May 2022, Marinus announced that the trial had resumed utilizing new batches of the original buffer IV formulation of ganaxolone and that it had implemented a reduced shelf life of 12 months.  To the extent paragraph 39 purports to quote "Defendants," Defendants lack sufficient knowledge and information to form a belief regarding the source of those allegations, and, on that basis, deny them.  Except as expressly admitted, Defendants deny the allegations in paragraph 39.

40.    Defendants admit Marinus filed a Form 10-Q for the quarter ended June 30, 2023. To the extent paragraph 40 characterizes the content of that report, Defendants state that the document speaks for itself, refer the Court to the report for its content, and deny the allegations in paragraph 40 to the extent they are inconsistent with the content of that report.  Except as expressly admitted, Defendants deny the allegations in paragraph 40.

41.    Defendants admit Marinus issued a press release on or about November 7, 2023. To the extent paragraph 41 characterizes the content of that press release, Defendants state that the document speaks for itself, refer the Court to the press release for its content, and deny the allegations in paragraph 41 to the extent they are inconsistent with the content of that press release. Except as expressly admitted, Defendants deny the allegations in paragraph 41.

42.    Defendants admit Marinus held an earnings call on or about November 7, 2023.  To the extent paragraph 42 characterizes the content of that earnings call, Defendants state that the earnings call's transcript speaks for itself, refer the Court to the earnings call transcript for its content, and deny the allegations in paragraph 42 to the extent they are inconsistent with the content of that earnings call transcript.  Except as expressly admitted, Defendants deny the allegations in paragraph 42.

43.    Defendants admit Marinus held an earnings call on or about November 7, 2023.  To the extent paragraph 43 characterizes the content of that earnings call, Defendants state that the earnings call's transcript speaks for itself, refer the Court to the earnings call transcript for its content, and deny the allegations in paragraph 43 to the extent they are inconsistent with the content of that earnings call transcript.  Except as expressly admitted, Defendants deny the allegations in paragraph 43.

44.     Defendants admit Marinus held an earnings call on or about November 7, 2023. To the extent paragraph 44 characterizes the content of that earnings call, Defendants state that the earnings call's transcript speaks for itself, refer the Court to the earnings call transcript for its content, and deny the allegations in paragraph 44 to the extent they are inconsistent with the content of that earnings call transcript. Except as expressly admitted, Defendants deny the allegations in paragraph 44.

45.     Defendants admit that Marinus filed a Form 10-K for the year ended December 31, 2023. To the extent paragraph 45 characterizes the content of that report, Defendants state that the document speaks for itself, refer the Court to the report for its content, and deny the allegations in paragraph 45 to the extent they are inconsistent with the content of that report. Except as expressly admitted, Defendants deny the allegations in paragraph 45.

46.     Defendants state that the allegations contained in paragraph 46 purport to characterize statistical principles and methodologies and other technical matters, which constitute matters of opinion and/or expert judgment rather than statements of fact to which a simple admission or denial is appropriate. To the extent a response is required, Defendants state that the allegations as pleaded represent oversimplifications and/or incomplete characterizations and on that basis deny the allegations in paragraph 46.

47.     Defendants state that the allegations contained in paragraph 47 purport to characterize statistical principles and methodologies and other technical matters, which constitute matters of opinion and/or expert judgment rather than statements of fact to which a simple admission or denial is appropriate. To the extent a response is required, Defendants state that the allegations as pleaded represent oversimplifications and/or incomplete characterizations and on that basis deny the allegations in paragraph 47.

48.     Defendants state that the allegations contained in paragraph 48 purport to characterize statistical principles and methodologies and other technical matters, which constitute matters of opinion and/or expert judgment rather than statements of fact to which a simple admission or denial is appropriate.  To the extent a response is required, Defendants state that the allegations as pleaded represent oversimplifications and/or incomplete characterizations and on that basis deny the allegations in paragraph 48.

49.     Defendants state that the allegations contained in paragraph 49 purport to characterize statistical principles and methodologies and other technical matters, which constitute matters of opinion and/or expert judgment rather than statements of fact to which a simple admission or denial is appropriate.  To the extent a response is required, Defendants state that the allegations as pleaded represent oversimplifications and/or incomplete characterizations and on that basis deny the allegations in paragraph 49.

50.     Defendants admit that the RAISE trial was a double-blind, randomized, placebo-controlled study to evaluate the efficacy and safety of IV ganaxolone in refractory status epilepticus.  Defendants admit that Marinus performed calculations in designing the RAISE trial. Defendants admit that the FDA approved the protocol for the RAISE trial.  Defendants state that the remaining allegations in paragraph 50 purport to characterize statistical principles and methodologies and other technical matters, which constitute matters of opinion and/or expert judgment rather than statements of fact to which a simple admission or denial is appropriate.  To the extent a response to these allegations is required, Defendants state that the allegations as pleaded represent oversimplifications and/or incomplete characterizations and on that basis deny them.

51.    Defendants state that the allegations contained in paragraph 51 purport to characterize standards, requirements, and best practices governing data management in clinical trials, which constitute matters of opinion and/or expert judgment rather than statements of fact to which a simple admission or denial is appropriate. To the extent a response to these allegations is required, Defendants state that the allegations as pleaded represent oversimplifications and/or incomplete characterizations of applicable data management standards and practices, and on that basis deny them.

52.    Defendants state that the allegations contained in paragraph 52 purport to characterize standards, requirements, and best practices governing data management in clinical trials, which constitute matters of opinion and/or expert judgment rather than statements of fact to which a simple admission or denial is appropriate. To the extent a response to these allegations is required, Defendants state that the allegations as pleaded represent oversimplifications and/or incomplete characterizations of applicable data management standards and practices, and on that basis deny them.

53.    Defendants deny the allegations in paragraph 53.

54.    Defendants admit that the RAISE trial had a written statistical analysis plan.  To the extent paragraph 54 characterizes the content of the statistical analysis plan, Defendants state that the plan speaks for itself, refer the Court to the plan for its content, and deny the allegations in paragraph 54 to the extent they are inconsistent with the content of the statistical analysis plan. Except as expressly admitted, Defendants deny the allegations in paragraph 54.

### 4.    The Company's Cash Position to Fund its Clinical Trials

55.    Defendants admit that Marinus launched ZTALMY in the U.S. in the third quarter of 2022 and that Marinus recognized $13.0 million in net product revenues for the first nine months of 2023, which consisted of ZTALMY product sales.  To the extent the second sentence in

paragraph 55 purports to characterize certain "disclo[ures]" by "Defendants" on unspecified dates, Defendants lack sufficient knowledge and information to form a belief regarding the source of that allegation, and, on that basis, deny it.  Except as expressly admitted, Defendants deny the allegations in paragraph 55.

56.    Defendants admit that Marinus filed a Form 10-K for the year ended December 31, 2022, on or about March 9, 2023.  To the extent paragraph 56 characterizes the content of that report, Defendants state that the document speaks for itself, refer the Court to the report for its content, and deny the allegations in paragraph 56 to the extent they are inconsistent with the content of that report.  Except as expressly admitted, Defendants deny the allegations in paragraph 56.

57.    Defendants admit that Marinus filed a Form 10-K for the year ended December 31, 2022.  To the extent paragraph 57 characterizes the content of that report, Defendants state that the document speaks for itself, refer the Court to the report for its content, and deny the allegations in paragraph 57 to the extent they are inconsistent with the content of that report.  Except as expressly admitted, Defendants deny the allegations in paragraph 57.

58.    Defendants admit that Marinus filed a Form 10-K for the year ended December 31, 2022.  To the extent paragraph 58 characterizes the content of that report, Defendants state that the document speaks for itself, refer the Court to the report for its content, and deny the allegations in paragraph 58 to the extent they are inconsistent with the content of that report.  Except as expressly admitted, Defendants deny the allegations in paragraph 58.

59.    Defendants admit that Marinus filed a Form 10-K for the year ended December 31, 2022.  To the extent paragraph 59 characterizes the content of that report, Defendants state that the document speaks for itself, refer the Court to the report for its content, and deny the allegations in

paragraph 59 to the extent they are inconsistent with the content of that report.  Except as expressly admitted, Defendants deny the allegations in paragraph 59.

60.    Defendants admit that Marinus filed a Form 10-K for the year ended December 31, 2022.  To the extent paragraph 60 characterizes the content of that report, Defendants state that the document speaks for itself, refer the Court to the report for its content, and deny the allegations in paragraph 60 to the extent they are inconsistent with the content of that report.  Except as expressly admitted, Defendants deny the allegations in paragraph 60.

61.    Defendants admit that Marinus filed a Form 10-K for the year ended December 31, 2022.  To the extent paragraph 61 characterizes the content of that report, Defendants state that the document speaks for itself, refer the Court to the report for its content, and deny the allegations in paragraph 61 to the extent they are inconsistent with the content of that report.  Except as expressly admitted, Defendants deny the allegations in paragraph 61.

62.    Defendants admit that Marinus filed a Form 10-K for the year ended December 31, 2022.  To the extent paragraph 62 characterizes the content of that report, Defendants state that the document speaks for itself, refer the Court to the report for its content, and deny the allegations in paragraph 62 to the extent they are inconsistent with the content of that report.  Except as expressly admitted, Defendants deny the allegations in paragraph 62.

63.    Defendants admit that Marinus filed a Form 10-K for the year ended December 31, 2022.  To the extent paragraph 63 characterizes the content of that report, Defendants state that the document speaks for itself, refer the Court to the report for its content, and deny the allegations in paragraph 63 to the extent they are inconsistent with the content of that report.  Except as expressly admitted, Defendants deny the allegations in paragraph 63.

64.    Defendants admit that Marinus filed a Form 10-Q for the quarter ended March 31, 2023, on or about May 11, 2023.  To the extent paragraph 64 characterizes the content of that report, Defendants state that the document speaks for itself, refer the Court to the report for its content, and deny the allegations in paragraph 64 to the extent they are inconsistent with the content of that report.  Except as expressly admitted, Defendants deny the allegations in paragraph 64.

65.    Defendants admit that Marinus filed a Form 10-Q for the quarter ended March 31, 2023.  To the extent paragraph 65 characterizes the content of that report, Defendants state that the document speaks for itself, refer the Court to the report for its content, and deny the allegations in paragraph 65 to the extent they are inconsistent with the content of that report.  Except as expressly admitted, Defendants deny the allegations in paragraph 65.

66.    Defendants admit that Marinus filed a Form 10-Q for the quarter ended June 30, 2023, on or about August 10, 2023.  To the extent paragraph 66 characterizes the content of that report, Defendants state that the document speaks for itself, refer the Court to the report for its content, and deny the allegations in paragraph 66 to the extent they are inconsistent with the content of that report.  Except as expressly admitted, Defendants deny the allegations in paragraph 66.

67.    Defendants admit that Marinus filed a Form 10-Q for the quarter ended June 30, 2023.  To the extent paragraph 67 characterizes the content of that report, Defendants state that the document speaks for itself, refer the Court to the report for its content, and deny the allegations in paragraph 67 to the extent they are inconsistent with the content of that report.  Except as expressly admitted, Defendants deny the allegations in paragraph 67.

68.     Defendants admit Marinus held an earnings call on or about November 7, 2023.  To the extent paragraph 68 characterizes the content of that earnings call, Defendants state that the earnings call's transcript speaks for itself, refer the Court to the earnings call transcript for its content, and deny the allegations in paragraph 68 to the extent they are inconsistent with the content of that earnings call transcript.  Except as expressly admitted, Defendants deny the allegations in paragraph 68.

69.     Defendants admit that Marinus filed a Form 10-K for the year ended December 31, 2023.  To the extent paragraph 69 characterizes the content of that report, Defendants state that the document speaks for itself, refer the Court to the report for its content, and deny the allegations in paragraph 69 to the extent they are inconsistent with the content of that report.  Except as expressly admitted, Defendants deny the allegations in paragraph 69.

70.     Defendants admit that Marinus entered into a development contract with the Biomedical Advanced Research and Development Authority to support the development of IV ganaxolone for the treatment of refractory status epilepticus.  Defendants further admit that Marinus filed a Form 10-K for the year ended December 31, 2022.  To the extent paragraph 70 characterizes the content of that report, Defendants state that the document speaks for itself, refer the Court to the report for its content, and deny the allegations in paragraph 70 to the extent they are inconsistent with the content of that report.  Except as expressly admitted, Defendants deny the allegations in paragraph 70.

71.     Defendants admit that Marinus filed a Form 10-Q for the quarter ended September 30, 2023.  To the extent paragraph 71 characterizes the content of that report, Defendants state that the document speaks for itself, refer the Court to the report for its content, and deny the allegations

in paragraph 71 to the extent they are inconsistent with the content of that report. Except as expressly admitted, Defendants deny the allegations in paragraph 71.

72.    Defendants deny the allegations in paragraph 72.

73.    Defendants deny the allegations in paragraph 73.

### 5.    Defendants Know That Interim Results Would Likely Not Meet the Threshold for Terminating the RAISE Trial

74.    Defendants deny the allegations in paragraph 74.

75.    Defendants admit that Marinus had a biometrics department. Except as expressly admitted, Defendants deny the allegations in paragraph 75.

76.    Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 76 and, on that basis, deny them.

77.    Defendants deny the allegations in paragraph 77.

78.    Defendants deny the allegations in paragraph 78.

79.    Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 79, and, on that basis, deny them.

80.    Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 80 and, on that basis, deny them.

81.    Defendants deny the allegations in paragraph 81.

82.    Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 82 and, on that basis, deny them.

83.    Defendants admit that Marinus undertook to clean and lock the database prior to the interim analysis. Except as expressly admitted, Defendants deny the allegations in paragraph 83.

84.     Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 84 and, on that basis, deny them.

85.     Defendants deny the allegations in paragraph 85.

**B.      Materially False and Misleading Statements**

86.     Defendants admit Marinus issued a press release on or about November 7, 2023. To the extent paragraph 86 characterizes the content of that press release, Defendants state that the document speaks for itself, refer the Court to the press release for its content, and deny the allegations in paragraph 86 to the extent they are inconsistent with the content of that press release. Except as expressly admitted, Defendants deny the allegations in paragraph 86.

87.     Defendants deny the allegations in paragraph 87.

88.     Defendants admit that Marinus filed a Form 10-Q for the quarter ended September 30, 2023, on or about November 7, 2023.  To the extent paragraph 88 characterizes the content of that report, Defendants state that the document speaks for itself, refer the Court to the report for its content, and deny the allegations in paragraph 88 to the extent they are inconsistent with the content of that report.  Except as expressly admitted, Defendants deny the allegations in paragraph 88.

89.     Defendants admit that Marinus filed a Form 10-Q for the quarter ended September 30, 2023.  To the extent paragraph 89 characterizes the content of that report, Defendants state that the document speaks for itself, refer the Court to the report for its content, and deny the allegations in paragraph 89 to the extent they are inconsistent with the content of that report.  Except as expressly admitted, Defendants deny the allegations in paragraph 89.

90.     Defendants deny the allegations in paragraph 90.

91.     Defendants admit Marinus held an earnings call on or about November 7, 2023.  To the extent paragraph 91 characterizes the content of that earnings call, Defendants state that the

earnings call's transcript speaks for itself, refer the Court to the earnings call transcript for its content, and deny the allegations in paragraph 91 to the extent they are inconsistent with the content of that earnings call transcript. Except as expressly admitted, Defendants deny the allegations in paragraph 91.

92. Defendants deny the allegations in paragraph 92.

93. Defendants admit Marinus held an earnings call on or about November 7, 2023. To the extent paragraph 93 characterizes the content of that earnings call, Defendants state that the earnings call's transcript speaks for itself, refer the Court to the earnings call transcript for its content, and deny the allegations in paragraph 93 to the extent they are inconsistent with the content of that earnings call transcript. Except as expressly admitted, Defendants deny the allegations in paragraph 93.

94. Defendants deny the allegations in paragraph 94.

95. Defendants admit Marinus held an earnings call on or about November 7, 2023. To the extent paragraph 95 characterizes the content of that earnings call, Defendants state that the earnings call's transcript speaks for itself, refer the Court to the earnings call transcript for its content, and deny the allegations in paragraph 95 to the extent they are inconsistent with the content of that earnings call transcript. Except as expressly admitted, Defendants deny the allegations in paragraph 95.

96. Defendants deny the allegations in paragraph 96.

97. Defendants admit Marinus issued a press release on or about January 4, 2024. To the extent paragraph 97 characterizes the content of that press release, Defendants state that the document speaks for itself, refer the Court to the press release for its content, and deny the

allegations in paragraph 97 to the extent they are inconsistent with the content of that press release. Except as expressly admitted, Defendants deny the allegations in paragraph 97.

98. Defendants admit Marinus issued a press release on or about January 4, 2024. To the extent paragraph 98 characterizes the content of that press release, Defendants state that the document speaks for itself, refer the Court to the press release for its content, and deny the allegations in paragraph 98 to the extent they are inconsistent with the content of that press release. Except as expressly admitted, Defendants deny the allegations in paragraph 98.

99. Defendants deny the allegations in paragraph 99.

100. Defendants admit Marinus issued a press release on or about March 5, 2024. To the extent paragraph 100 characterizes the content of that press release, Defendants state that the document speaks for itself, refer the Court to the press release for its content, and deny the allegations in paragraph 100 to the extent they are inconsistent with the content of that press release. Except as expressly admitted, Defendants deny the allegations in paragraph 100.

101. Defendants deny the allegations in paragraph 101.

102. Defendants admit Marinus issued a press release on or about March 5, 2024. To the extent paragraph 102 characterizes the content of that press release, Defendants state that the document speaks for itself, refer the Court to the press release for its content, and deny the allegations in paragraph 102 to the extent they are inconsistent with the content of that press release. Except as expressly admitted, Defendants deny the allegations in paragraph 102.

103. Defendants deny the allegations in paragraph 103.

104. Defendants admit Marinus held an earnings call on or about March 5, 2024. To the extent paragraph 104 characterizes the content of that earnings call, Defendants state that the earnings call's transcript speaks for itself, refer the Court to the earnings call transcript for its

content, and deny the allegations in paragraph 104 to the extent they are inconsistent with the content of that earnings call transcript. Except as expressly admitted, Defendants deny the allegations in paragraph 104.

105. Defendants deny the allegations in paragraph 105.

106. Defendants admit Marinus held an earnings call on or about March 5, 2024. To the extent paragraph 106 characterizes the content of that earnings call, Defendants state that the earnings call's transcript speaks for itself, refer the Court to the earnings call transcript for its content, and deny the allegations in paragraph 106 to the extent they are inconsistent with the content of that earnings call transcript. Except as expressly admitted, Defendants deny the allegations in paragraph 106.

107. Defendants deny the allegations in paragraph 107.

108. Defendants admit Marinus held an earnings call on or about March 5, 2024. To the extent paragraph 108 characterizes the content of that earnings call, Defendants state that the earnings call's transcript speaks for itself, refer the Court to the earnings call transcript for its content, and deny the allegations in paragraph 108 to the extent they are inconsistent with the content of that earnings call transcript. Except as expressly admitted, Defendants deny the allegations in paragraph 108.

109. Defendants deny the allegations in paragraph 109.

110. Defendants admit Marinus held an earnings call on or about March 5, 2024. To the extent paragraph 110 characterizes the content of that earnings call, Defendants state that the earnings call's transcript speaks for itself, refer the Court to the earnings call transcript for its content, and deny the allegations in paragraph 110 to the extent they are inconsistent with the

content of that earnings call transcript. Except as expressly admitted, Defendants deny the allegations in paragraph 110.

111. Defendants deny the allegations in paragraph 111.

**C.      The Truth Begins to Emerge**

112. Defendants admit Marinus issued a press release on or about April 15, 2024. To the extent paragraph 112 characterizes the content of that press release, Defendants state that the document speaks for itself, refer the Court to the press release for its content, and deny the allegations in paragraph 112 to the extent they are inconsistent with the content of that press release. Except as expressly admitted, Defendants deny the allegations in paragraph 112.

113. Defendants state that certain historical information regarding the Company's common stock during the putative Class Period is publicly available and deny any allegations in paragraph 113 of the Amended Complaint that are inconsistent with such historical information.

114. Defendants admit that Marinus filed a Form 8-K and a press release on or about May 8, 2024. To the extent paragraph 114 characterizes the content of that press release, Defendants state that the document speaks for itself, refer the Court to the press release for its content, and deny the allegations in paragraph 114 to the extent they are inconsistent with the content of that press release. Except as expressly admitted, Defendants deny the allegations in paragraph 114.

115. Defendants admit Marinus issued a press release on or about May 8, 2024. To the extent paragraph 115 characterizes the content of that press release, Defendants state that the document speaks for itself, refer the Court to the press release for its content, and deny the allegations in paragraph 115 to the extent they are inconsistent with the content of that press release. Except as expressly admitted, Defendants deny the allegations in paragraph 115.

116.   Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 116, and, on that basis, deny them.

117.   Defendants state that certain historical information regarding the Company's common stock during the putative Class Period is publicly available and deny any allegations in paragraph 117 of the Amended Complaint that are inconsistent with such historical information.

118.   Defendants admit Marinus issued a press release on or about June 17, 2024.  To the extent paragraph 118 characterizes the content of that press release, Defendants state that the document speaks for itself, refer the Court to the press release for its content, and deny the allegations in paragraph 118 to the extent they are inconsistent with the content of that press release.  Except as expressly admitted, Defendants deny the allegations in paragraph 118.

119.   Defendants admit Marinus issued a press release on or about June 17, 2024.  To the extent paragraph 119 characterizes the content of that press release, Defendants state that the document speaks for itself, refer the Court to the press release for its content, and deny the allegations in paragraph 119 to the extent they are inconsistent with the content of that press release.  Except as expressly admitted, Defendants deny the allegations in paragraph 119.

120.   Defendants admit Marinus issued a press release on or about June 17, 2024.  To the extent paragraph 120 characterizes the content of that press release, Defendants state that the document speaks for itself, refer the Court to the press release for its content, and deny the allegations in paragraph 120 to the extent they are inconsistent with the content of that press release.  Except as expressly admitted, Defendants deny the allegations in paragraph 120.

121.   Defendants admit Marinus issued a press release on or about June 17, 2024.  To the extent paragraph 121 characterizes the content of that press release, Defendants state that the document speaks for itself, refer the Court to the press release for its content, and deny the

allegations in paragraph 121 to the extent they are inconsistent with the content of that press release. Except as expressly admitted, Defendants deny the allegations in paragraph 121.

122. The allegations in paragraph 122 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 122.

## V. PLAINTIFF'S CLASS ACTION ALLEGATIONS

123. The allegations in paragraph 123 are legal conclusions to which no response is required. To the extent a response is required, Defendants admit that Plaintiff brings this case as a putative class action. To the extent further response is required, Defendants deny the allegations in paragraph 123.

124. The allegations in paragraph 124 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 124.

125. The allegations in paragraph 125 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 125.

126. The allegations in paragraph 126 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 126.

127. The allegations in paragraph 127 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 127.

128. The allegations in paragraph 128 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 128.

129. The allegations in paragraph 129 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 129.

130. The allegations in paragraph 130 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 130.

131.    The allegations in paragraph 131 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 131.

## VI.    CLAIMS

### COUNT I
### For Violations of Section 10(b) And SEC Rule 10b-5 Promulgated Thereunder Against All Defendants

132.    Defendants repeat each and every response set forth above as if stated in full here.

133.    The allegations in paragraph 133 are legal conclusions to which no response is required.  To the extent a response is required, Defendants admit that the Amended Complaint purports to assert claims for violations of the Securities Exchange Act of 1934.  Except as expressly admitted, Defendants deny the allegations in paragraph 133.

134.    The allegations in paragraph 134 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 134.

135.    The allegations in paragraph 135 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 135.

136.    The allegations in paragraph 136 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 136.

137.    The allegations in paragraph 137 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 137.

138.    The allegations in paragraph 138 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 138.

139.    The allegations in paragraph 139 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 139.

140.    The allegations in paragraph 140 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 140.

141.    The allegations in paragraph 141 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 141.

### COUNT II
### Violations of Section 20(a) of the Exchange Act Against the Individual Defendants

142.    Defendants repeat each and every response set forth above as if stated in full here.

143.    The allegations in paragraph 143 are legal conclusions to which no response is required.  To the extent a response is required, Defendants admit that the Individual Defendants participated in the management of the Company during their time as officers of the Company and that the Individual Defendants had, from time to time, access to non-public information about the Company.  Except as expressly admitted, Defendants deny the allegations in paragraph 143.

144.    The allegations in paragraph 144 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 144.

145.    The allegations in paragraph 145 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 145.

146.    The allegations in paragraph 146 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 146.

## VII.    PRAYER FOR RELIEF

The paragraph in this section, titled "Prayer for Relief," is Plaintiff's statement of requested relief, to which no response is required.  To the extent a response is required, Defendants deny the allegations, including but not limited to denying that Plaintiff is entitled to judgment and that Plaintiff is entitled to any relief whatsoever.

## VIII.   JURY TRIAL DEMANDED

The paragraph in this section, titled "Jury Demand," is Plaintiff's demand for a jury trial, to which no response is required.

## AFFIRMATIVE DEFENSES
## FIRST AFFIRMATIVE DEFENSE
### (Safe Harbor)

The Amended Complaint, and each and every claim alleged therein, is barred to the extent Plaintiff's allegations are based on alleged projections, forecasts, or predictions of future events or results, because such projections, forecasts, or predictions were identified as forward-looking statements and accompanied by meaningful cautionary language, including in Marinus's public filings with the SEC and as referenced or incorporated during investor conference calls, that identified factors that could cause actual results to differ materially from those in the forward-looking statements; were immaterial; were not false when made, were made in good faith, and had a reasonable basis when made; or were not made with actual knowledge that the statements were false or misleading when made. All such statements fall within the Safe Harbor provisions of the Private Securities Litigation Reform Act of 1995, as codified at 15 U.S.C. § 77z-2(c).

## SECOND AFFIRMATIVE DEFENSE
### (Bespeaks Caution)

The Amended Complaint, and each and every claim alleged therein, is barred to the extent Plaintiff's allegations are based on forward-looking statements accompanied by cautionary statements that precisely and directly address such statements.

## THIRD AFFIRMATIVE DEFENSE
### (Available Information)

The Amended Complaint, and each and every claim alleged therein, is barred because the facts alleged to have been misrepresented or omitted were known to, received by, or otherwise publicly available to Plaintiff, members of the putative class, and the securities markets generally. Additionally, the Amended Complaint, and each and every claim alleged, is barred because the facts alleged to have been misrepresented or omitted were rebutted by contrary information

(including both public and non-public information) that was known to, received by, or otherwise publicly available to Plaintiff and the securities markets generally.

## FOURTH AFFIRMATIVE DEFENSE
### (Truth on the Market)

The Amended Complaint, and each and every claim alleged therein, is barred because the market had already become aware of the allegedly concealed information at the relevant time, such that the facts allegedly omitted by the Defendants were already reflected in the stock's price.

## FIFTH AFFIRMATIVE DEFENSE
### (Assumption of Risk)

The Amended Complaint, and each and every claim alleged therein, is barred because Plaintiff was expressly advised in statements made to him, including in documents and otherwise, regarding the material facts concerning his investment.  Plaintiff therefore assumed the risk of any loss and is estopped from recovering any relief.

## SIXTH AFFIRMATIVE DEFENSE
### (Unjust Enrichment)

Plaintiff and members of the putative class would be unjustly enriched if they were permitted to obtain any recovery in this action.

## SEVENTH AFFIRMATIVE DEFENSE
### (15 U.S.C. § 78u-4(e))

If it should be determined that Plaintiff has been damaged, then the damages that Plaintiff seeks are limited by the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(e).

## EIGHTH AFFIRMATIVE DEFENSE
### (Good Faith)

The Amended Complaint, and each and every claim alleged therein, is barred because Defendants acted in good faith and did not directly or indirectly induce the violation that led to the economic injury.

## NINTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

Plaintiff is barred from seeking the relief requested by the Amended Complaint by reason of Plaintiff's failure to mitigate the damages allegedly suffered, if any such damages exist.

## TENTH AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The Amended Complaint fails to state a claim upon which relief may be granted.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Class Claims)

The Amended Complaint, and each and every claim alleged therein, is barred because this action is not maintainable as a class action pursuant to Federal Rule of Civil Procedure 23.

## RESERVATIONS OF RIGHTS

Defendants reserve the right to amend or supplement their Answer, as permitted by law. Defendants further reserve the right to assert any and all additional defenses under any applicable law, in the event that discovery indicates such defenses would be appropriate, and to assert any crossclaims, counterclaims and/or third-party claims.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray that this Court enter judgment as follows:

1.    That Plaintiff take nothing by the Amended Complaint;

2.    For costs, attorneys' fees and expert witness fees;

3.    For judgment in favor of Defendants; and

4.    For such other and further relief as this Court deems just and proper.

## JURY DEMAND

Defendants demand a trial by jury.

- 30 -

Dated: April 10, 2026                                   RESPECTFULLY SUBMITTED,

                                                        COOLEY LLP


                                                        By: */s/ Koji F. Fukumura*
                                                            Koji F. Fukumura, (PA 73831)
                                                            Craig E. TenBroeck *(Pro Hac Vice)*
                                                            Ronan Nelson *(Pro Hac Vice)*
                                                            10265 Science Center Drive
                                                            San Diego, CA  92121-1117
                                                            Telephone: (858) 550-6000
                                                            Facsimile: (858) 550-6420
                                                            kfukumura@cooley.com
                                                            ctenbroeck@cooley.com
                                                            rnelson@cooley.com

                                                            COOLEY LLP
                                                            Caitlin B. Munley (PA 318757)
                                                            1299 Pennsylvania Ave., NW, Suite 700
                                                            Washington, DC 20005
                                                            Telephone: (202) 842-7800
                                                            Facsimile: (202) 842-7899
                                                            cmunley@cooley.com

                                                            COOLEY LLP
                                                            Elizabeth Wright *(Pro Hac Vice)*
                                                            500 Boylston Street
                                                            Boston, MA 02116-3736
                                                            Telephone: (617) 937-2300
                                                            Facsimile: (617) 937-2400
                                                            ewright@cooley.com

                                                            *Attorneys for Defendants Marinus*
                                                            *Pharmaceuticals, Inc., Scott Braunstein,*
                                                            *Steven Pfanstiel, and Joseph Hulihan*

**CERTIFICATE OF SERVICE**

I certify that on April 10, 2026, I filed this document on the Court's docket using the Court's CM/ECF system.  Based on the Court's records, all counsel of record were served with a copy of the foregoing document by electronic means.

/s/ Koji F. Fukumura
COOLEY LLP
Koji F. Fukumura (PA73831)
10265 Science Center Drive
San Diego, CA  92121-1117
Telephone: (858) 550-6000
Facsimile: (858) 550-6420
kfukumura@cooley.com

- 32 -